**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-4759**

———————————

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

WADE TEMPLE HANKINS,

　　　　　Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:05-cr-00025-F-1)

———————————

Submitted: April 6, 2011　　　　　Decided:  April 15, 2011

———————————

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Thomas P. McNamara, Federal Public Defender, G. Alan Dubois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.　George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wade Temple Hankins appeals his twenty-four month sentence imposed following his revocation of supervised release. Hankins argues that his sentence is plainly unreasonable because the district court procedurally erred by failing to adequately address his request to run his federal sentence concurrent with his undischarged state sentence to allow his participation in an inmate construction program while in state custody. Finding no error, we affirm.

We review Hankins' supervised release revocation sentence to determine if it is plainly unreasonable. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). We first consider whether the sentence is unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). In determining reasonableness, we follow generally the procedural and substantive considerations employed in reviewing original sentences. Id. However, "[t]his initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." Moulden, 478 F.3d at 656 (internal quotation marks and citation omitted).

The district court's discretion is not unlimited, however. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). For instance, the district court commits procedural

2

error by failing to adequately explain the chosen sentence or by not providing an individualized assessment based on the facts. Gall v. United States, 552 U.S. 38, 51 (2007). Although "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, . . . it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks and citation omitted). The district court also must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). We have reviewed the record and conclude that the district court did not err in ordering Hankins' twenty-four month sentence to run consecutively to his state term. Accordingly, we conclude that Hankins' sentence is not plainly unreasonable.

We thus affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3